**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ECHOSPAN, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MEDALLIA, INC., <br><br> Defendant - Appellee. | No. 24-4751 <br><br> D.C. No. <br> 5:22-cv-01732-NC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted October 21, 2025
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

EchoSpan, Inc. ("EchoSpan") appeals the district court order granting

judgment as a matter of law in favor of Medallia, Inc. ("Medallia"), following a

jury's verdict in favor of EchoSpan. A unanimous jury determined that Medallia

willfully and maliciously misappropriated one trade secret—trade secret 6 ("TS

6")—and awarded EchoSpan $11.7 million in unjust enrichment and $14 million in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

exemplary damages.  In granting Medallia's Fed. R. Civ. P. 50(b) motion, the district court concluded, as a matter of law, that EchoSpan  was not entitled to recover for Medallia's unjust enrichment.  The court reasoned that the unjust enrichment awarded by the jury lacked a reasonable basis because EchoSpan did not apportion this relief on a trade-secret-by-trade-secret basis.  EchoSpan moved for a new trial, but the district court denied that motion.  EchoSpan timely appealed.[1]

We reverse the district court's grant of judgment as a matter of law and remand to the district court with instructions to reinstate the jury's verdict.

**1.**  The district court erred in assuming the jury did not apportion its unjust enrichment award and instead awarded EchoSpan the cumulative total sought for all nine alleged trade secrets.  In doing so, the district court did not "draw all reasonable inferences in favor of the nonmoving party."  *In re First All. Mortg. Co.*, 471 F.3d 977, 991 (9th Cir. 2006) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004)).

The total unjust enrichment presented to the jury, based on expert testimony, was $23.4 million.  In its opening statement, EchoSpan characterized the total unjust enrichment as $23 million, and EchoSpan's expert testified to three categories of

---

[1] We review de novo an order granting judgment as a matter of law under Fed. R. Civ. P. 50(b).  *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1081 (9th Cir. 2009).

24-4751

unjust enrichment totaling $23.4 million: Medallia's ill-gotten gains ($11.6 million), Medallia's head start ($8.9 million), and Medallia's saved costs ($2.9 million).

The district court assumed that the jury awarded the full unjust enrichment amount, without reducing the value attributable to legally invalid trade secrets. However, it was also reasonable to conclude that the jury's $11.7 million award represented half of the $23.4 million unjust enrichment estimate.

The district court was required to view the evidence in the light most favorable to the jury's verdict and draw all reasonable inferences in favor of preserving the jury's verdict. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (explaining that judgment as a matter of law is properly granted only if the evidence "permits only one reasonable conclusion"); *id.* at 1242 ("A jury's verdict must be upheld if it is supported by substantial evidence . . . even if contrary findings are also possible."). Therefore, if the jury had a reasonable basis for awarding $11.7 million in unjust enrichment based on any combination of categories, the court necessarily erred in assuming that the jury awarded EchoSpan the cumulative total EchoSpan sought for all nine alleged trade secrets.

**2.** There was a reasonable basis for the jury to award half of Medallia's unjust enrichment to EchoSpan for the misappropriation of TS 6. "Once injury has been proven, the fact that damages are not susceptible to precise measurement does not preclude recovery." *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006

(9th Cir. 1981). A jury award should be upheld "[u]nless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1028–29 (9th Cir. 2008) (citation and internal quotations omitted).

The jury's award was not based "only on . . . guesswork." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The unjust enrichment award had a reasonable basis, including an expert opinion regarding Medallia's total unjust enrichment from creating a 360-degree review product that it could sell, expert guidance that the jury should consider "value drivers," and testimony about the main drivers of value in EchoSpan's 360-degree review product. Throughout trial, the jury learned what each alleged trade secret was, what each contributed to the 360-degree review product, and how they interacted to create a product for a customer. The jury also watched videos and demonstrations of EchoSpan's system to understand how it worked. In addition, witnesses for EchoSpan testified regarding the relative importance of TS 6 to the 360-degree review system's commercial value. From this evidence, the jury had a reasonable basis from which to approximate the share of total unjust enrichment attributable to the misappropriation of TS 6.

Medallia nonetheless disputes the jury award, arguing that "EchoSpan has offered no coherent justification for why the jury would award only 50% of the

24-4751

claimed damages for a trade secret that purportedly drove 100% of the value." The jury, however, did not have to either completely discount or completely credit testimony that TS 6 is the "core" tool that "enables everything." "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and internal quotations omitted). The jury could have reasonably believed from trial testimony, and from demonstrations of EchoSpan's product, that TS 6 drove most of, but not all of, the value of the product.

Medallia relies heavily on *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064 (N.D. Cal. 2005). There, the district court ruled that a jury's award of unjust enrichment was based on "speculation and guesswork, not on evidence" because "expert testimony regarding damages for misappropriation of all trade secret[s] was useless to the jury" after the jury found liability on some but not all trade secrets. *Id.* at 1077.

*O2 Micro*, however, involved technical patent and trade secret claims related to liquid crystal display panels. In a highly technical context, apportionment testimony may be essential to provide a reasonable basis for a jury to value a defendant's gain. In contrast, EchoSpan's trade secrets could be explained in lay terms, and the jury watched demonstrations and videos to understand how the system

24-4751

and each component operated. Along with testimony from EchoSpan's witnesses, a reasonable jury could determine from the evidence which alleged trade secrets would drive the most value in a Medallia 360-degree review product. Not only is *O2 Micro* non-binding, but its reasoning is also not persuasive given the record in this case.

In light of the substantial deference owed to jury verdicts, and the longstanding principle that jury awards need not be mathematically precise or dictated by expert testimony, this is not the "rare case" where "it is sufficiently certain that the jury award was not based on proper consideration of the evidence." *In re First All. Mortg. Co.*, 471 F.3d at 1001.

**3.** Medallia has not shown that "no reasonable juror could find" that TS 6 constituted a trade secret. *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005). A reasonable jury could find that EchoSpan identified TS 6 with sufficient particularity. Likewise, a reasonable jury could credit EchoSpan's evidence over Medallia's claims that TS 6 was not secret and find that EchoSpan exercised sufficient caution in maintaining TS 6's secrecy.

**REVERSED AND REMANDED** with directions to reinstate the jury's verdict. [2]

---

[2] In light of our disposition, we need not address EchoSpan's challenge to the district court's decision denying its motion for a new trial.