**No. 24-4751**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ECHOSPAN, INC.
*Plaintiff–Appellant,*
v.
MEDALLIA, INC.
*Defendant–Appellee.*

On appeal from United States District Court, Northern District of California,
No. 5:22-cv-01732-NC, Hon. Nathaniel M. Cousins

**MOTION FOR APPELLATE ATTORNEY FEES**

**COUNCILL, GUNNEMANN &
CHALLY LLC**
Jonathan R. Chally
*jchally@cgc-law.com*
Jennifer R. Virostko
*jvirostko@cgc-law.com*
75 14th Street NE, Suite 2475
Atlanta, Georgia 30309
(404) 407-5250

**LEWIS & LLEWELLYN LLP**
*Evangeline A.Z. Burbidge
*eburbidge@lewisllewellyn.com*
Zachary C. Flood
*zflood@lewisllewellyn.com*
601 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 800-0590

**GREINES, MARTIN, STEIN & RICHLAND LLP**
*Jeffrey Gurrola
*jgurrola@gmsr.com*
Alex Chemerinsky
*achemerinsky@gmsr.com*
6420 Wilshire Boulevard, Suite 1100
Los Angeles, California 90048
(310) 859-7811

*Attorneys for Plaintiff–Appellant* ECHOSPAN, INC.

MOTION FOR APPELLATE ATTORNEY FEES ................................................1

BACKGROUND .............................................................................................2

ARGUMENT ..................................................................................................4

    I.      Both The Federal Defend Trade Secrets Act And The Georgia Trade Secrets Act Provide For Attorney Fees In This Case. ...........................................4

    II.     The Attorney Fees EchoSpan Requests Are Reasonable. ...........................6

        A.     This Court uses the lodestar method to determine a reasonable fee award.....................................................................................................6

        B.     The $401,778.50 billed by GMSR for the appeal was reasonable........7

            1.     The attorney billing rates are reasonable. ..................................7

            2.     The hours and fees billed are reasonable. ..................................7

                a.    Initial Review And Research (9/2024–10/2024)..................7

                b.    Appellant's Opening Brief (11/2024–2/2025) ....................8

                c.    Appellant's Reply Brief (5/2025–7/2025)...........................8

                d.    Oral Argument and Opinion (8/2025 through 12/2025). .....8

                e.    Total fees.............................................................................8

    III.    Conclusion. .............................................................................................9

CERTIFICATE OF SERVICE ........................................................................10

## MOTION FOR APPELLATE ATTORNEY FEES

Plaintiff EchoSpan prevailed at trial when the jury found that defendant Medallia willfully and maliciously misappropriated EchoSpan's trade secret and awarded a combined $25.7 million in punitive damages. After the district court awarded judgment as a matter of law and vacated the jury's damages award, this Court reversed and reinstated the jury's $25.7 million verdict in full. By any measure, this was an appellate victory. Because both federal and Georgia trade secret law provide for attorney fees in cases of willful and malicious misappropriation, an award of attorney fees is appropriate.

On January 16, 2025, EchoSpan filed an unopposed request for an extension of time to file this motion. Both parties to this appeal have been judicious in their requests for additional time, and to date this Court has granted every such request. *See* ECF Nos. 26, 29, 45, 58, 75. While EchoSpan expects that this Court will grant its well-supported and unopposed request for additional time, *see* Gurrola Decl. Ex. 3, it files this motion now in an abundance of caution. Should the Court grant additional time, EchoSpan respectfully requests leave to amend and supplement this motion, which, in light of the reasons stated in EchoSpan's unopposed request for additional time, has been prepared on extraordinarily short notice.

1

## BACKGROUND

EchoSpan makes 360-degree review employee feedback software.  1-ER-12. EchoSpan's software helps employers collect and utilize data on employee performance.  *Id.*  EchoSpan's software is confidential.  1-ER-19.

In 2019, Medallia won a contract to replace EchoSpan as the 360-review software provider for EchoSpan's largest client.  1-AA-12.  But Medallia wasn't equipped to build that software, so Medallia lied to get access to EchoSpan's product and implemented confidential features of EchoSpan's administrative tool in its software.  *Id.* at 13-14.

EchoSpan sued Medallia, alleging misappropriation of nine trade secrets. 1-ER-12.  A jury unanimously found that Medallia infringed one of the nine trade secrets, and awarded $11.7 million in unjust enrichment and $14 million in punitive damages.  Gurrola Decl. Ex. 1 at 22–23 (Opinion ["Op."] 1–2).  But after trial, the district court granted judgment as a matter of law to Medallia, concluding that the jury lacked a reasonable basis to apportion damages "because EchoSpan did not apportion this relief on a trade-secret-by-trade-secret basis.  EchoSpan moved for a new trial, but the district court denied that motion."  *Id.* at 23 (Op. 2).

On appeal, EchoSpan contended that (a) the jury had an adequate basis to apportion damages based on the evidence presented at trial, (b) Medallia—not EchoSpan—bore the burden to prove what proportion of the unjust enrichment was not caused by the trade-secret misappropriation, and (c) in the alternative, the trial

2

court should have granted a new trial in the interest of fairness. *See* Gurrola Decl. ¶ 7.

Medallia disputed these arguments and, further, argued that the district court also erred in denying judgment as a matter of law on the issue of liability. *See* Gurrola Decl. ¶ 8. EchoSpan replied in support of its own arguments and refuted Medallia's new argument. *Id.* ¶ 9. Oral argument occurred in October 2025. *Id.* ¶ 10.

In a six-page memorandum disposition issued on October 31, 2025, this Court reversed and ordered the trial court to reinstate the verdict. Gurrola Decl. Ex. 1 at 27 (Op. 6). Accepting EchoSpan's principal appellate arguments, this Court held that there was a reasonable basis for the jury to apportion $11.7 in unjust enrichment to the one meritorious trade secret, because "[t]hroughout trial, the jury learned what each alleged trade secret was, what each contributed to the 360-degree review product, and how they interacted to create a product for the customer. The jury also watched videos and demonstrations of EchoSpan's system to understand how it worked. In addition, witnesses for EchoSpan testified regarding the relative importance of [the meritorious trade secret] to the 360-degree review system's commercial value." *Id.* at 25 (Op. 4). "In light of the substantial deference owed to jury verdicts, and the longstanding principle that jury awards need not be mathematically precise or dictated by expert testimony," the Court held "this is not the 'rare case' where 'it is sufficiently certain that the jury

3

award was not based on proper consideration of the evidence.'" *Id.* at 27 (Op. 6) (citation omitted).

## ARGUMENT

**I.      Both The Federal Defend Trade Secrets Act And The Georgia Trade Secrets Act Provide For Attorney Fees In This Case.**

The Defend Trade Secrets Act ("DTSA") protects trade secrets, which Congress recognized as an "integral part of a company's competitive advantage" that are often a "company's most valuable property" and are "highly susceptible to theft." H.R. Rep. No. 14-529 at 2-3 (Judiciary Comm. Rep. 2016). Because of the importance of protecting trade secrets, under the DTSA, "reasonable attorney's fees [can be awarded] to the prevailing party" if "the trade secret was willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(D). The GTSA similarly permits an award of attorney fees to those whose trade secrets were willfully and maliciously misappropriated. Georgia Code § 10-1-764.

EchoSpan is the "prevailing party" in this litigation. Trade secret misappropriation was its most significant claim, and it succeeded on this claim with an $11.7 million compensatory award and a $14 million exemplary damages award. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (prevailing party is party that succeeds on significant issue in litigation which achieves some of the benefit the parties sought in bringing suit). Here, the jury found by clear and convincing evidence that "Medallia's improper acquisition or use of [] EchoSpan's trade secrets(s) was willful and malicious." ECF No. 389 at 10. Even when the

district court granted judgment as a matter of law on the issue of damages, it *confirmed* that the record evidence supported the jury's "willful and malicious" finding. 1-ER-18–21. This Court then reversed the judgment as a matter of law and reinstated the verdict in full. Gurrola Decl. Ex. 1.

This makes it appropriate for the Court to award EchoSpan its attorney fees under both the DTSA and GTSA. Courts regularly award the prevailing party attorney fees in recognition of the culpability of willful and malicious theft of trade secrets. *See, e.g., Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *23 (C.D. Cal. Oct. 6, 2023) (awarding nearly $21 million in attorney fees on successful DTSA and California trade secret claim); *Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 956–58 (C.D. Cal. 2011) (awarding $2,172,000 in attorney fees for violation of California UTSA); *Macquarie Bank Ltd. v. Knickel*, 793 F.3d 926, 940–41 (8th Cir. 2015) (affirming award of attorney fees for willful and malicious trade secret misappropriation under North Dakota UTSA); *White v. Arthur Enterprises, Inc.*, 464 S.E.2d 225, 225 (Ga. Ct. App. 1995) (affirming award of attorney fees under GTSA); *Eldorado Stone LLC v. Renaissance Stone*, 2007 WL 3308099, at *2 (S.D. Cal. Oct. 24, 2007) (same under California UTSA, rejecting argument that award of exemplary damages supports denial of fees); *Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 272–75 (D. Del. 2010) (awarding fees under comparable Delaware UTSA); *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 2021 WL 3076780, at *3 (N.D. Ill. Mar. 10, 2021) (same

5

under DTSA and Illinois UTSA, rejecting argument that exemplary damages should foreclose attorney fees).

This case is particularly appropriate for an award of attorneys' fees. Indeed, Medallia aggressively litigated this case before, during, and after trial. That approach temporarily prevailed: Medallia secured an erroneous judgment as a matter of law. *See* 1-ER-11–33. The fees incurred by EchoSpan in this appeal were critical to EchoSpan vindicating its rights under the DTSA and GTSA, with this court's full reversal. An fees still continue to accumulate as Medallia presses forward with a petition for rehearing and, soon, a petition for certiorari.

## II. The Attorney Fees EchoSpan Requests Are Reasonable.

### A. This Court uses the lodestar method to determine a reasonable fee award.

Courts of this Circuit "'must calculate awards for attorneys' fees using the "lodestar" method,' and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations omitted). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Id*. at 979. The lodestar figure is presumptively a reasonable fee award. *Id*. District courts may "adjust [the] lodestar calculation by other factors," *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989), such as the experience, reputation and ability of the attorneys,

as well as the difficulty of the issues presented and the amount at stake, *Hensley*, 461 U.S. at 430 n.3.

**B.      The $401,778.50 billed by GMSR for the appeal was reasonable.**

GMSR leanly staffed this appeal, with one partner and one associate performing the vast majority of the work and a handful of other attorneys providing insight and assistance where necessary.  *See* Gurrola Decl. ¶¶ 17, 22. In total, GMSR achieved appellate victory for EchoSpan billing only 605 hours, which is on the mid- to low-end of time required for comparable appeals.  *See* Gurrola Decl. ¶¶ 22–42.

**1.      The attorney billing rates are reasonable.**

The hourly rates GMSR charged in this case were $795 for Mr. Gurrola; $1050 for Ms. Hepler; $595 for Mr. Chemerinsky; and $200 for the cite-checking performed by the firm's appellate fellows.  Gurrola Decl. ¶ 18.  GMSR's appellate fellows are recent law school graduates in a two-year clerkship with the firm, who assist the firm's regular attorneys with legal research, cite-checking, and similar tasks.  *Id.*  These hourly rates are equivalent to, and often significantly lower than, rates charged by lawyers with comparable experience in specialized areas of practice.  *Id.* at ¶ 19–20; see *id.* at ¶ 17.

**2.      The hours and fees billed are reasonable.**

**a.      Initial Review And Research (9/2024–10/2024).**

In this phase of the appeal, GMSR performed a combined 45.6 hours of work for a total billed amount of $28,635.50.  *See* Gurrola Decl. Ex. 2 at 28–32.

### b. Appellant's Opening Brief (11/2024–2/2025)

In this phase of the appeal, GMSR performed a combined 305.1 hours of work for a total billed amount of $198,165.00. *See* Gurrola Decl. Ex. 2 at 33–46.

### c. Appellant's Reply Brief (5/2025–7/2025).

In this phase of the appeal, GMSR performed a combined 162.4 hours of work for a total billed amount of $102,846.50. *See* Gurrola Decl. Ex. 2 at 47–56.

### d. Oral Argument and Opinion (8/2025 through 12/2025).

In this phase of the appeal, GMSR performed a combined 91.9 hours of work for a total billed amount of $72,131.50. *See* Gurrola Decl. Ex. 2 at 57–69.

### e. Total fees.

EchoSpan requests a total of $401,778.50, representing a cumulative total of 605 hours of work. *See* Gurrola Decl. ¶¶ 43–48 & Ex. 2 at 28–69. If the Court grants EchoSpan's request for an extension of time to file this motion, EchoSpan will this total with appeal-related amounts billed before and after the discrete time period represented in this request (i.e., September 2024 through December 2025), as well as to include appeal-related billing by EchoSpan's trial counsel. *See* Gurrola Decl. ¶¶ 43 n. 2, 49–50.

8

## III.    Conclusion.

EchoSpan respectfully requests that this Court award the entire $401,778.50 reasonably incurred on appeal vindicating EchoSpan's judgment for Medallia's willful and malicious misappropriation.

January 20, 2026

**GREINES, MARTIN, STEIN & RICHLAND LLP**
  Jeffrey Gurrola
  Alex Chemerinsky

**COUNCILL, GUNNEMANN & CHALLY LLC**
  Jonathan R. Chally
  Jennifer R. Virostko

**LEWIS & LLEWELLYN LLP**
  Evangeline A.Z. Burbidge
  Zachary C. Flood

By:  *s/ Jeffrey Gurrola*

Jeffrey Gurrola

Attorneys for Plaintiff/Appellant
ECHOSPAN, INC.

9

## CERTIFICATE OF SERVICE
[24-4751]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6420 Wilshire Boulevard, Suite 1100, Los Angeles, California 90048, and my email address is jgurrola@gmsr.com.

I certify that on January 20, 2026, I electronically filed the foregoing **MOTION FOR APPELLATE ATTORNEY FEES** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I certify that each party in the case is represented by counsel who are registered ACMS users and will be served by the appellate ACMS system.

*s/ Jeffrey Gurrola*
Jeffrey Gurrola

10